THE JACKSONVILLE SOUTHEASTERN RAILWAY COM-
PANY

v.

PETER RABBIT ET AL.

*Railroads—Freight—Rebate—Conditional Contract—Misrepresentation
—Instructions.*

In an action against a carrier to recover a rebate on certain freight bills,
it is *held*: That the agreement for the lower rate claimed by the plaintiffs
was obtained by a suppression of the whole truth in regard to a competing
rate; and that there is error in an instruction given for them, as not
embracing the condition upon which defendant's offer was made.

[Opinion filed November 30, 1888.]

APPEAL from the County Court of Morgan County; the
Hon. O. P. THOMPSON, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

Messrs. BROWN & KIRBY, for appellees.

WALL, P. J.   The appellees recovered $251 in an action of
assumpsit against the appellant for rebate upon certain freight
bills for hauling brick from Virden to Jacksonville.   Appel-
lees desiring to bid on a contract for street paving in Jackson-
ville, asked Mr. Greenleaf, the superintendent of appellant,
what rate per thousand would be charged for freight on brick
from Virden.   He answered $1.50.   Some time after, being
the day before the contract was to be let, the appellees again
went to Greeenleaf, and urged him to make the rate $1.25,
representing that the Wabash road would give the latter rate
from Sterling, and the brick would come from there if Green-
leaf would not do as well as the Wabash.

Upon their distinct assertion that Milleisen, the local agent
of the Wabash, had offered to make the rate $1.25, Greenleaf
said he would do the same, and then the appellees went and

made their bid, under which the contract was awarded to them.

After they had received the freight bill for the brick hauled the first month, in which the rate was fixed at $1.50, appellees asked Greenleaf to correct it, when he said that he had given the reduced rate on the representation or condition that the Wabash had offered the same, and that he would see Milleisen, and if appellees had correctly stated the matter, he would make them a voucher for the difference when the brick were all hauled. From the evidence of Greenleaf and Milleisen it appears that appellees had not fairly stated the matter to Greenleaf in the interview on the day before the contract was let, and that what Milleisen had said to them was based on their representation that Greenleaf would make the rate $1.25, as it had been the year before.

There is conflict in the evidence as to what appellees did say to Milleisen inducing him to make the offer reported to Greenleaf, but we think the testimony strongly tends to prove that they did not inform Greenleaf of all that was said on that occasion. Certainly they did not tell him anything from which he would infer that the rate offered by Milleisen was induced by their statement that he, Greenleaf, would make it $1.25. It is not doubtful that had he suspected such a thing he would have adhered to his original rate. If his version and that of Milleisen shall be accepted, then it is apparent that the appellees did not fairly represent the matter and that an offer based upon such representation would not be binding. The proof being in this condition, the first instruction given for appellees should have been modified so as to embrace the element and condition that Greenleaf's offer was based upon an understanding of the circumstances inducing the agent of the Wabash to name the rate in question.

The jury might well infer that even though the appellees had not stated all the conversation with Milleisen showing how he came to name $1.25, and had thereby misled Greenleaf, by telling him only a part of the truth, yet if Greenleaf had made the rate, provided Milleisen had named it, then it was binding. A suppression of truth is equivalent to a sug-

gestion of falsehood, ordinarily, and would be so in this instance very clearly.

Instructions given for appellant did not present the point here involved in such a way as to cure the vice of this instruction, and the error thus committed is of such gravity as to render it necessary to reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*